UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LUCAS, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH,<br><br>Defendants. | Docket No.: 1:20-cv-04740-PGG |
| MOSHE EPHRATI, Individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH,<br><br>Defendants. | Docket No.: 1:20-cv-06010-PGG |
| DANNY PALACIOS, Individually and on Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH,<br><br>Defendants. | Docket No.: 1:20-cv-06442-PGG |

**MEMORANDUM OF LAW IN SUPPORT OF FADY SORIAL AND RAMY SORIAL'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFFS AND <u>APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

112 Madison Ave, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile:  (212) 779-0028

*Counsel for Movants and Proposed Lead Counsel for the Putative Class*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................ii

I. INTRODUCTION ....................................................................................................1

II. STATEMENT OF FACTS .......................................................................................3

III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..............................5

IV. FADY AND RAMY SORIAL SHOULD BE APPOINTED LEAD PLAINTIFFS.....6

    A. The PSLRA Standard for Appointing Lead Plaintiffs ...........................6

    B. The Sorials are the "Most Adequate Plaintiffs" .....................................7

        1. The Sorials' Motion is Timely..............................................................7

        2. The Sorials Have the Largest Financial Interest in the Relief Sought by the Class ...................................................................................................7

    C. The Sorials Satisfy Rule 23's Typicality and Adequacy Requirements .................8

        1. The Sorials' Claims Are Typical of Those of the Class..................................8

        2. The Sorials Will Fairly and Adequately Protect the Interest of the Class ........9

V. THE COURT SHOULD APPROVE THE SORIALS' CHOICE OF COUNSEL AS LEAD COUNSEL .................................................................................................10

VI. CONCLUSION ......................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
222 F.3d 52 (2d Cir. 2000) ................................................................................................9

*Canson v. WebMD Health Corp.*,
2011 WL 5331712 (S.D.N.Y. 2011) ..................................................................................8

*In re Bear Stearns Co. Inc. Deriv, & ERISA Litig.*,
2009 WL 50132 (S.D.N.Y. Jan. 5, 2008) ...........................................................................1

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992) ...............................................................................................9

*In re Indep. Energy Holdings PLC Sec. Litig.*,
210 F.R.D. 476 (S.D.N.Y. 2002) .......................................................................................9

*Jolly Roger Offshore Fund LTD v. BKF Capital Grp., Inc.*,
2007 WL 2363610 (S.D.N.Y. 2007) ..................................................................................8

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................................5

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014) .................................................................................5

**STATUTES**

15 U.S.C. §78u-4 ..............................................................................................*passim*

**OTHER AUTHORITIES**

H.R. Rep. 104-369 (1995) (Conf. Rep.) ...................................................................................7

141 Cong. Rec. S17993-97, at S17956 (daily ed. Dec. 1995) ..................................................7

FED. R. CIV. P. 23 ...................................................................................................*passim*

FED. R. CIV. P. 42 ...................................................................................................6

Fady Sorial and Ramy Sorial ("the Sorials") respectfully submit this Memorandum of Law pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, (the "PSLRA"), in support of their motion for the entry of an order: (i) pursuant to Federal Rule of Civil Procedure 42(a) consolidating all related federal securities lawsuits (collectively, the "Action"), (ii) appointing the Sorials as Lead Plaintiffs pursuant to the PSLRA and approving Hach Rose Schirripa & Cheverie LLP ("HRS&C") as Lead Counsel for the Class (as defined below).

## I.     INTRODUCTION

The Action is a federal securities class action brought on behalf of all persons or entities who purchased or otherwise acquired the publicly-traded securities of the United States Oil Fund, LP ("USO" or the "Fund") between February 25, 2020 and April 28, 2020, inclusive (the "Class Period") in connection with the Fund's and certain of its senior officers' violations of the Exchange Act (the "Class"). Presently pending in this District are three securities class actions brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against the above-captioned defendants, all of whom are identical across all three actions (the "Defendants").[1]

---

[1] While the first-filed complaint, in *Lucas v. United States Oil Fund, LP*, No. 1:20-cv-04740-PGG (S.D.N.Y., filed June 19, 2020) (the "*Lucas* Action") alleged a class period of March 19, 2020 through April 28, 2020, and the second-filed complaint, in *Ephrati v. United States Oil Fund, LP*, No. 1:20-cv-06010-PGG (S.D.N.Y., filed July 31, 2020) (the "*Ephrati* Action") alleged the same class period as did the *Lucas* Action, the third-filed complaint in *Palacios v. United States Oil Fund, LP*, No. 1:20-cv-06442-PGG (S.D.N.Y., filed August 13, 2020) (the "*Palacios* Action") alleged a class period of February 25, 2020 through April 28, 2020. The Class Period as defined herein is the longest possible class period of the three above-captioned actions, *i.e.*, February 25, 2020 through April 28, 2020. For the purposes of appointing lead plaintiffs, the longest class period governs. *See, e.g., In re Bear Stearns Co. Inc. Deriv. & ERISA Litig.*, No. 08 MDL 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2008) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because it encompasses more potential class members") (citation omitted).

1

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). To that end, the Court is required to determine which person or group of persons moving for appointment as lead plaintiff has the "largest financial interest" in the relief sought by the class of purchasers and/or acquirers of USO securities in this litigation, and to ensure that such movants also make a prima facie showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Sorials respectfully submit that they should be appointed Lead Plaintiffs by virtue of the significant losses they suffered on their investments in USO shares. The Sorials satisfy all of the prerequisites for appointment as lead plaintiffs. As set forth below, the Sorials incurred losses in excess of $45,447.79 on shares purchased during the putative Class Period.[2] Accordingly, the Sorials have a powerful economic interest in recovering their losses – an interest believed to be greater than that of any competing movant.

The Sorials also satisfy the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class. The Sorials' adequacy and ability to efficiently oversee this litigation is further evidenced by their certifications, which set forth their transactions in USO common stock.

Further, the Sorials fully understand the lead plaintiffs' obligations under the PSLRA, and are willing and able to undertake the responsibilities of lead plaintiffs to guarantee vigorous

---

[2] Copies of the Certifications of Fady Sorial and Ramy Sorial (the "Certifications") are attached as Exhibit B to the Declaration of Frank R. Schirripa in Support of Motion of Fady Sorial and Ramy Sorial for Consolidation, Appointment of Lead Plaintiffs and Approval of Their Selection of Lead Counsel (the "Schirripa Decl."). Each certification sets forth all transactions of the respective Sorial brother in USO securities during the Class Period. Further, Exhibit C to the Schirripa Decl. is a calculation of financial losses sustained by the Sorials on their Class Period transactions in USO securities.

2

prosecution of the Action. *See* Schirripa Decl. Ex. B. Accordingly, the Sorials are the "most adequate plaintiff[s]" and should be appointed Lead Plaintiffs.

The Sorials also respectfully request that the Court approve their choice of Lead Counsel. The Sorials' choice for Lead Counsel, Hach Rose Schirripa & Cheverie, is a nationally-recognized securities and consumer class action litigation firm that has recovered hundreds of millions of dollars in damages for injured investors. HRS&C has extensive experience in class actions and securities litigation and is qualified to prosecute this case.

The Sorials should be appointed as Lead Plaintiffs because: (1) they timely filed their Motion; (2) to their knowledge, they have the largest financial interest in the relief sought by the Class; and (3) they will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Sorials' selection of Hach Rose Schirripa & Cheverie as Lead Counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   STATEMENT OF FACTS

USO is an exchange traded fund ("ETF") purportedly designed to track the daily changes in percentage terms of the spot price of West Texas Intermediate ("WTI") light, sweet crude oil delivered to Cushing, Oklahoma. Because retail investors are generally not equipped to buy and sell barrels of oil or authorized to trade oil futures, ETFs such as USO provide one of the primary means that such investors can gain exposure to fluctuations in oil prices.

During the Class Period, USO stated that it would achieve its investment objective by investing substantially all of its portfolio assets in the near month WTI futures contract. However, unbeknownst to investors, extraordinary market conditions in early 2020 made USO's purported investment objective and strategy unfeasible. Oil demand fell precipitously as governments imposed lockdowns and businesses halted operations in response to the COVID-19 pandemic. In

addition, in early March 2020, Saudi Arabia and Russia kicked off an oil price war, increasing production while simultaneously slashing export prices in a bid to increase the global market share of their domestic petrochemical enterprises. As excess oil supply increased and oil prices waned, the facilities available for storage in Cushing, Oklahoma approached capacity, ultimately causing a rare market dynamic called a "super contago" in which the futures prices for oil substantially exceeded the spot price. At the same time, retail investors began pouring hundreds of millions of dollars into USO in an attempt to "buy the dip," believing – correctly – that the price of oil would rebound as economies exited lockdown periods and the Saudi/Russia oil price war ended. Because of the nature of USO's investment strategy, these converging factors caused the fund to suffer catastrophic losses and undermined the Fund's ability to meet its ostensible investment objective.

Defendants, as the creators, issuers and operators of the largest oil-related ETF in existence and active market-making players in the complex commodities and futures markets that determined the Fund's performance, possessed inside knowledge about the negative consequences to the Fund as a result of the confluence of these adverse events. Rather than disclose these known impacts and risks to the Fund, however, Defendants instead conducted massive offerings of USO shares, ultimately selling billions of dollars' worth of USO shares to the market. Although the offering increased the fees payable to Defendants, it also exacerbated the undisclosed risks to the Fund by magnifying trading inefficiencies and causing USO to approach position and accountability limits as a result of the Fund's massive positions in the WTI futures market.

Over the following days, USO quickly deteriorated. Ultimately, the Fund suffered billions of dollars in losses and was forced to abandon its investment strategy. Through a series of rapid investment overhauls, USO was forced to transform from the passive ETF designed to track spot oil prices that Defendants had pitched to investors to a nigh-unrecognizable, actively managed

fund struggling to avoid a total implosion. In April and May 2020, Defendants belatedly acknowledged the extreme threats and adverse impacts that the Fund had been experiencing at the time of the earlier offerings, but which they had failed to disclose to investors.

As a result of Defendants' material misrepresentations and omissions during the Class Period, the Sorials and members of the Class suffered billions of dollars in losses.

### III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Currently, there are three securities lawsuits pending against USO, and its current and former officers (collectively, the "Related Actions"). The securities class actions filed against the Defendants are, as listed *supra* at 1 fn.1, the *Lucas* Action, the *Ephrati* Action and the *Palacios* Action.

Preliminarily, the court must address the question of consolidation. The PSLRA requires that if more than one action on behalf of a class asserting substantially the same claim has been filed, and any party seeks to consolidate those actions, the court must decide the question of consolidation before turning to the appointment of lead plaintiffs. 15 U.S.C. 78u-4(a)(3)(B)(ii). In deciding whether to consolidate the securities actions, the court must apply Rule 42 of the Federal Rules of Civil Procedure ("Rule 42") and determine whether the risks of prejudice and confusion from consolidation are outweighed by the risk of inconsistent adjudications, the burden on the parties, witnesses, and courts posed by multiple lawsuits, the length of time required to conclude multiple lawsuits, and the relative expense to all concerned. *See Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 394-95 (S.D.N.Y. 2014); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions allege, *inter alia,* that the Defendants violated the federal securities laws. Well beyond common, the three cases raise substantially identical questions of law and fact.

As a result, they should be consolidated pursuant to Rule 42, "when actions involving a common question of law or fact are pending before the court, it may order all the actions to be consolidated … and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42.

## IV. FADY AND RAMY SORIAL SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. The PSLRA Standard for Appointing Lead Plaintiffs

The appointment of lead plaintiffs in securities class action suits is governed by the PSLRA. *See* 15 U.S.C. §78u-4. The PSLRA amended the Exchange Act to include Section 21D which, *inter alia*, sets forth a detailed procedure for selecting lead plaintiffs to oversee class actions brought under the federal securities laws.

Pursuant to the PSLRA, a court is to consider all motions made by class members within the sixty-day period prescribed by statute and appoint the movant(s) that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members ( ... the "most adequate plaintiff") ....

15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the "largest financial interest" in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon "***proof***" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such

6

plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

### B. The Sorials Are the "Most Adequate Plaintiffs"

The Sorials respectfully submit that they are presumptively the "most adequate plaintiffs" because they have complied with the PSLRA's procedural requirements, possess the largest financial interest of any known movant, and satisfy Rule 23's typicality and adequacy requirements.

#### 1. The Sorials' Motion is Timely

The notice published on June 19, 2020, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed lead plaintiff sixty days later. *See* Schirripa Decl., Ex. A. Because the Sorials' motion is timely filed, they are entitled to be considered for appointment as lead plaintiffs.

#### 2. The Sorials Have the Largest Financial Interest in the Relief Sought by the Class

The Sorials have suffered substantial damages as a result of the Defendants' wrongful conduct. The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases." *See* H.R. Rep. 104-369 (1995) (Conf. Rep.); 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

The Sorials have a large financial interest in this litigation. As set forth more fully in the supporting Schirripa Decl., the Sorials spent approximately $182,523.89 to purchase 63,466 shares of USO securities and suffered damages of approximately $45,447.79. *See* Schirripa Decl. Ex. C. The Sorials are unaware of any other movant with a larger financial interest in the outcome of the Action.

Moreover, the damages suffered by the Sorials and the claims against the Defendants are

7

identical to those of the proposed class members and support the fact that the Sorials are the most adequate movants to protect the interests of the class. Accordingly, the Sorials are entitled to the legal presumption that they are the most adequate plaintiffs.

### C. The Sorials Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that parties may serve as class representatives only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiffs, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiffs' claims are typical and adequate. *See Jolly Roger Offshore Fund LTD v. BKF Capital Grp., Inc.*, No. 07-cv-3923, 2007 WL 2363610, at *4 (S.D.N.Y. Aug 16, 2007) ("[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met") (internal quotation and citation omitted). The Sorials have demonstrated that they satisfy these requirements.

#### 1. The Sorials' Claims Are Typical of Those of the Class

Pursuant to Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. As a general rule, a plaintiff's claim meets the typicality requirement if it is both legally and factually similar and arises out of the same events or course of conduct that gives rise to the claims of the other class members. *See Canson v. WebMD Health Corp.*, No. 11-cv-5382, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011) (citing *In re Drexel Burnham Lambert*

8

*Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). This does not require that the claims be identical, but there must be some common question of fact or law. *See In re Indep. Energy Holdings PLC Sec. Litig.,* 210 F.R.D. 476, 480 (S.D.N.Y. 2002) (citing *Drexel*, 960 F.2d at 291).

Here, the Sorials' claims are typical, if not identical, to the claims of the members of the Class. As set forth above, like all members of the Class, the losses suffered by the Sorials resulted from Defendants' unlawful conduct that resulted in subsequent declines in the share price of USO securities. Thus, the Sorials satisfy the typicality requirement.

### 2. The Sorials Will Fairly and Adequately Protect the Interest of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when representative parties establish that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Further, the PSLRA directs the Court, in evaluating the adequacy of proposed lead plaintiffs, to limit its inquiry to the existence of any conflicts between the interests of the proposed representatives and members of the class, and allows the lead plaintiffs to retain counsel of their choice to represent the Class "subject to the approval of the court." 15 U.S.C. §78u-4(a)(3)(B)(v).

The adequacy standard is met where (1) the named plaintiff has interests common with the Class' interests; and (2) the representatives will vigorously pursue the interests of the Class through qualified counsel. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citing *Drexel*, 960 F.2d at 291).

As set forth above, the Sorials' interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class. The Sorials share nearly identical, and certainly common, questions of law and fact with the members of the Class, and their claims are typical of the members of the Class. The Sorials understand the fiduciary

duties owed by lead plaintiffs, are willing to oversee the vigorous prosecution of the Action, and have pledged to "provid[e] testimony at deposition and trial, if necessary." Schirripa Decl. Ex. B. In addition, the Sorials have retained competent counsel to represent them in this case. Thus, the alignment of interests between the Sorials and the Class and the skill of the Sorials' chosen counsel favor granting the instant motion.

### V.   THE COURT SHOULD APPROVE THE SORIALS' CHOICE OF COUNSEL AS LEAD COUNSEL

The PSLRA's amendments to the Exchange Act vest authority in the lead plaintiffs to select and retain lead counsel, subject to the approval of the court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). A court should not disturb the lead plaintiffs' choice of counsel unless necessary to protect the interests of the plaintiff class. 15 U.S.C. 78u-4(a)(B)(iii)(II)(aa). In the present case, the Group has retained Hach Rose Schirripa & Cheverie LLP as lead counsel to pursue this litigation on its behalf. HRS&C is a nationally recognized class action law firm that has successfully litigated securities, antitrust and consumer class actions in federal and state courts throughout the nation. *See* Schirripa Decl. Ex. D. The Sorials' choice of lead counsel should not be disturbed, and this Court should approve their selection of Hach Rose Schirripa & Cheverie as Lead Counsel.

### VI.   CONCLUSION

For all the foregoing reasons, Fady and Ramy Sorial respectfully request that the Court grant the instant motion and:

i)   consolidate the Actions for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

ii)   appoint the Sorials as Lead Plaintiffs in the above-captioned action pursuant to Section 21D(a)(3)(B)(i-iii) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(i-iii);

iii)    approve the Sorials' choice of lead counsel and appoint Hach Rose Schirripa & Cheverie LLP as Lead Counsel pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v); and

iv)    grant such other and further relief as the Court may deem just and proper.

Dated: August 18, 2020
       New York, New York

Respectfully submitted,

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By: */s/ Frank R. Schirripa*
    Frank R. Schirripa
    Daniel B. Rehns
    Seth M. Pavsner
112 Madison Ave, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile:  (212) 779-0028

*Counsel for Movants and Proposed*
*Lead Counsel for the Putative Class*

## CERTIFICATE OF SERVICE

I, Seth M. Pavsner, counsel for Movants, hereby certify that on August 18, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all attorneys of record.


By: */s/ Seth M. Pavsner*
Seth M. Pavsner