CALCATERRA POLLACK LLP
Regina Calcaterra
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1760
Email: rcalcaterra@calcaterrapollack.com

BERGER MONTAGUE PC
Michael Dell'Angelo
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
        aabramowitz@bm.net

BERGER MONTAGUE PC
Benjamin Galdston
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Email: bgaldston@bm.net

*Attorneys for Proposed Lead Plaintiff
Guohua Wang*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LUCAS, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH,<br><br>      Defendants. | Civil Action No. 1:20-cv-04740-PGG<br>Complaint filed June 19, 2020<br><br><u>CLASS ACTION</u><br><br><br>Hon. Paul G. Gardephe<br>Courtroom 705 |
| MOSHE EPHRATI, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs. | Civil Action No. 1:20-cv-06442-PGG<br>Complaint filed July 31, 2020<br><br><u>CLASS ACTION</u> |

UNITED STATES OIL FUND, LP,
UNITED STATES COMMODITY FUNDS
LLC, JOHN P. LOVE and STUART P.
CRUMBAUGH,

                           Defendants.

---

DANNY PALACIOS, Individually and on
Behalf of All Others Similarly Situated,

                           Plaintiff,

vs.

UNITED STATES OIL FUND, LP,
UNITED STATES COMMODITY FUNDS
LLC, JOHN P. LOVE, and STUART P.
CRUMBAUGH,

                           Defendants.

Civil Action No. 1:20-cv-06442-PGG
Complaint filed August 13, 2020

<u>CLASS ACTION</u>

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT
GUOHUA WANG'S MOTION FOR CONSOLIDATION, APPOINTMENT AS
<u>LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................................. 3

ARGUMENT ....................................................................................................................................... 5

I.      THE ACTIONS SHOULD BE CONSOLIDATED .............................................................. 5

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 6

        A.      The PSLRA Standard for Appointing Lead Plaintiff ............................................. 6

        B.      Movant Is The "Most Adequate Plaintiff" ............................................................... 7

                1.      Movant's Motion Is Timely .......................................................................... 7

                2.      Movant Has A Substantial Financial Interest .............................................. 8

                3.      Movant Satisfies Rule 23's Typicality and Adequacy Requirements ......... 8

                        a.      Movant's Claims Are Typical of Those of the Class ...................... 9

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 .............. 9

III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .................... 10

CONCLUSION .................................................................................................................................. 12

## TABLE OF AUTHORITIES

**Case**                                                                          **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008)                                                    5

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)                9

*Ferrari v. Impath, Inc.*,
   No. 03 Civ. 5668 (DAB), 2004 WL 1637053 (S.D.N.Y. July 20, 2004)                 5

*In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig., No. 08 MDL 1963 (RWS)*,
   2009 WL 50132 (S.D.N.Y. Jan. 5, 2009)                                          10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)                                                    11

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009)                   9

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008)                  5

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
   No. 16-cv- 02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)                  8

*Kemp v. Universal Am. Fin. Corp.*,
   No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006)                   8

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016)                                             8

*Lowinger v. Global Cash Access Holdings, Inc.*,
   No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008)                  5

*Martingano v. Am. Int'l Grp., Inc.*,
   No. 06CV1625(JG)(JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006)                  7

*Micholle v. Ophthotech Corp.*,
   No. 17-CV- 210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)                 7, 9

*Randall v. Fifth St. Fin. Corp.*,
   No. 15-cv-7759 (LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016)                    8

*Tan v. NIO, Inc.*,
   No. 19-CV-1424 (NGG) (VMS), 2020 WL 1031489 (E.D.N.Y. March 3, 2020)             8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011)       8

*Xu v. Gridsum Holding Inc.*,
   No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018)       5

**Statutes, Rules and Regulations**

15 U.S.C. § 78u-4(a)(l) ............................................................................................. 6
15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................. 6, 7
15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ........................................................................... 11
15 U.S.C. § 78u-4(a)(3)(B) .................................................................................. 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................. 1
15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................. 5
15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................ 8
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................... 2, 7, 11
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ........................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................... 2, 11

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................. 2, 8, 9
   Rule 23(a) ................................................................................................................. 9
   Rule 23(a)(4) ............................................................................................................ 9
   Rule 42(a) ................................................................................................................. 6

**Secondary Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .......................... 11

Proposed Lead Plaintiff Guohua Wang ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of Movant's Motion for the entry of an Order:  (i) consolidating the above-captioned Actions; (ii) appointing Movant as Lead Plaintiff on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired United States Oil Fund, LP ("USO" or the "Company") securities between February 25, 2020 and April 28, 2020, both dates inclusive (the "Class Period"); (iii) approving Movant's selection of Berger Montague PC ("Berger Montague") as Lead Counsel and Calcaterra Pollack LLP ("Calcaterra Pollack") as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Movant respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who acquired USO securities during the Class Period (the "Class") and who were damaged as a result of Defendants' alleged fraud. This action (the "Action") alleges violations of Sections 10(b) and 20(a) of the Exchange Act against U.S. Oil, John P. Love, its Chief Executive Officer ("CEO"), and Stuart P. Crumbaugh, its Chief Financial Officer ("CFO") (collectively, the "Defendants"), as well as United States Commodity Funds LLC, the sponsor and general and managing partner for the U.S. Oil Fund.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant

---

[1] Copies of Movant's Certification pursuant to the PSLRA is attached as Exhibits B to the Declaration of Regina Calcaterra, Esq. ("Calcaterra Decl."), submitted concurrently herewith.

has made a *prima facie* showing that he is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant Guohua Wang incurred losses of $1,359,849.00 on his Class Period transactions in U.S. Oil securities, calculated on both a last-in-first-out ("LIFO") and first-in-first-out ("FIFO") basis. Movant has the largest known loss of any other movant, and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve his selection of Berger Montague as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Berger Montague is a nationally recognized leader representing investors in shareholder litigation and securities class actions for nearly fifty years and has the expertise and resources necessary to handle this complex litigation.

Accordingly, Movant respectfully requests that the Court appoint him as Lead Plaintiff for the Class, consolidate all pending and subsequent actions asserting violations of the federal securities laws arising from the same alleged misconduct,[2] and approve his selection of Lead

---

[2] Since this Action was initiated, three additional complaints were filed, each generally alleging claims under the federal securities laws arising from the same allegedly fraudulent misconduct. The Actions, as defined above, include: (i) *Momo Wang v. United States Oil Fund, LP, et al.*, No. 20-cv-04596 (N.D. Cal.) ("*Momo Wang*"); (ii) *Ephrati v. United States Oil Fund, LP, et al.*,

Counsel.

## FACTUAL BACKGROUND

This is a securities class action on behalf of investors who purchased USO securities during the Class Period and who were allegedly harmed as a result of Defendants' fraudulent misstatements.[3]

USO is an exchange traded fund ("ETF") purportedly designed to track the daily changes in percentage terms of the spot price of West Texas Intermediate ("WTI") light, sweet crude oil delivered to Cushing, Oklahoma. Because retail investors are generally not equipped to buy and sell barrels of oil or authorized to trade oil futures, ETFs such as USO provide one of the primary means that such investors can gain exposure to fluctuations in oil prices.

USO stated that it would achieve its investment objective by investing substantially all of its portfolio assets in the near month WTI futures contract. However, unbeknownst to investors, extraordinary market conditions in early 2020 made USO's purported investment objective and strategy unfeasible. Oil demand fell precipitously as governments imposed lockdowns and businesses halted operations in response to the coronavirus pandemic. In addition, in early March 2020, Saudi Arabia and Russia launched an oil price war, increasing production and slashing export prices in a bid to increase the global market share of their domestic petrochemical production. As excess oil supply increased and demand and oil prices declined, the facilities available for storage in Cushing, Oklahoma, approached capacity, ultimately causing a rare market dynamic known as "super contango" in which the futures prices for oil exceeded the spot price. At

---

No. 20-cv-06010-PGG (S.D.N.Y.); and (iii) *Palacios v. United States Oil Fund, LP, et al.*, No. 20-cv-06442 (S.D.N.Y.). *Momo Wang* was voluntarily dismissed on August 4, 2020. No. 20-cv-04596 (N.D. Cal.), ECF No. 7.

[3] This "Factual Background" is based upon allegations in various complaints in this matter. If appointed Lead Plaintiff, Movant Wang will file a consolidated complaint.

the same time, USO issued 9 billion new shares in two offerings on or about March 23, 2020, and April 27, 2020, while retail investors began pouring hundreds of millions of dollars into USO in an attempt to "buy the dip," believing (correctly) that the price of oil would rebound as economies exited lockdown periods and the Russia/Saudi oil price war ended. Because of the nature of USO's investment strategy, these converging factors caused the Fund to suffer exceptional losses and undermined the Fund's ability to meet its ostensible investment objective.

Defendants, as the creators, issuers and operators of the largest oil-related ETF in existence and active market-making players in the complex commodities and futures markets that determined the Fund's performance, possessed inside knowledge about the negative consequences to the Fund as a result of these converging adverse events. However, rather than disclose the known impacts and risks to the Fund as a result of these exceptional threats, the complaint alleges that Defendants instead conducted two new offerings of USO shares, ultimately selling billions of dollars' worth of USO shares to the market. Although the offering increased the fees payable to Defendants, it also exacerbated the undisclosed risks to the Fund by magnifying trading inefficiencies and causing USO to approach position and accountability limits as a result of the Fund's massive positions in the WTI futures market.

Consequently, the Fund suffered billions of dollars in losses and USO was forced to abandon its investment strategy. Through a series of successive changes, USO transformed from the passive ETF designed to track spot oil prices that investors understood they were purchasing to an actively managed fund that compounded losses in the super contango market by investing in longer-term WTI oil futures. In late April and early May, Defendants admitted the adverse market conditions and investment strategy changes. As a result, the market price for USO shares plummeted and Class members suffered billions of dollars in losses.

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law or fact." *Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) (quotation marks omitted). In securities class action cases, such as this one, courts have deemed consolidation particularly appropriate where the actions "are based on the same public statements and reports" if there are "common questions of law and fact and [if] the defendant will not be prejudiced." *Ferrari v. Impath, Inc.*, No. 03 Civ. 5668 (DAB), 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004). *See also Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

Here, the Actions are well-suited for consolidation. Each Action alleges a substantially similar fraudulent scheme relating to similar parties, transactions, and events. Each Action asserts that Defendants made materially false and misleading statements and omissions concerning USO's investment strategy, including the failure to timely disclose known adverse market trends and changes to the investment strategy. Because consolidation will promote judicial efficiency

5

and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

Accordingly, Movants respectfully request that the Court consolidate the Actions, and any other subsequently filed actions.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submit that he should be appointed Lead Plaintiff because he filed the instant Motion in a timely manner, has a substantial if not the largest financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)     of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

6

In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, No. 06CV1625(JG)(JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Movant Is The "Most Adequate Plaintiff"

#### 1. Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on BusinessWire, a widely-circulated, business-oriented news wire service, on June 19, 2020. *See* Notice, Calcaterra Decl., Ex. A. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before August 18, 2020. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.    Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Movant Wang has incurred substantial losses of $1,359,849.00 on his Class Period transactions in USO securities on both a LIFO and FIFO basis. *See* Loss Analysis, Calcaterra Decl., Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movant has a substantial financial interest, is a qualified movant seeking Lead Plaintiff status, and is presumptively the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Movant Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rules of Civil Procedure 23." *See Tan v. NIO, Inc.*, No. 19-CV-1424 (NGG)(VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movant satisfies both requirements.

### a.    Movant's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants made material misstatements and omissions regarding U.S. Oil's financial performance and prospects in violation of the federal securities laws. Like all the members of the Class, Movant purchased USO securities in reliance on Defendants' public statements, including their alleged misrepresentations and omissions, and was damaged thereby.

Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b.    Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, No. 08 MDL 1963

(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Movant will fairly and adequately represent the interests of the proposed Class. Movant Wang has resources and motivation sufficient to pursue the above-captioned action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for himself and all other class members. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Berger Montague, with a nearly fifty-year record of prosecuting securities class actions vigorously and efficiently, *see infra* Section II. Movant has timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

## III.    MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's

choice of counsel unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The Firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors, including: *In re Merrill Lynch Securities Litigation* (S.D.N.Y.) (recovery of $475 million); *In re Sotheby's Holding, Inc. Securities Litigation* (S.D.N.Y.) (a $70 million settlement, of which $30 million was contributed, personally, by an individual defendant); *In re KLA Tencor Securities Litigation* (N.D. Cal.) (settlement of $65); *In re CIGNA Corp. Securities Litigation* (E.D. Pa.) (settlement of $93 million); and *In re Rite Aid Corp. Securities Litigation* (E.D. Pa.) (settlements totaling $334 million). *See* Berger Montague Firm Resume, Calcaterra Decl., Ex. D.

In addition, Movant has selected the law firm of Calcaterra Pollack LLP ("Calcaterra Pollack") to serve as Local Counsel. Calcaterra Pollack is a women-owned firm specializing, among other things, in securities, antitrust and consumer class actions. Its partners have over five decades of collective experience in complex federal and state litigation including experience representing individual and institutional investors in federal and state securities litigation, and on matters of corporate governance and shareholder rights. Calcaterra Pollack currently serves as Co-Counsel on the Lead Counsel team representing New York's Metropolitan Transportation Authority's pension funds as lead plaintiffs in *In re Molson Coors Brewing Company Securities*

11

*Litigation*, Case No. 1:19-cv-00455-DME-MEH (D. Colo.), a securities class action in which defendants allegedly misled investors by misstating the company's tax liability by almost $248 million in financial filings. *See* Calcaterra Pollack Firm Resume, Calcaterra Decl., Ex. E.

In light of the foregoing, by approving Movant's selection of Berger Montague as Lead Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (i) consolidating the Actions; (ii) appointing Movant Guohua Wang as Lead Plaintiff; (iii) approving Movant's selection of Berger Montague as Lead Counsel and Calcaterra Pollack LLP as Local Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: August 18, 2020                    Respectfully submitted,

/s/ *Regina Calcaterra*
Regina Calcaterra
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1760
Email: rcalcaterra@calcaterrapollack.com

***Attorneys for Lead Plaintiff Movant Guohua***
***Wang and Proposed Local Counsel for the Class***

Michael Dell'Angelo
Andrew Abramowitz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
          aabramowitz@bm.net

12

Benjamin Galdston
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Email: bgaldston@bm.net

*Attorneys for Lead Plaintiff Movant Guohua Wang and Proposed Lead Counsel for the Class*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2020, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Regina Calcaterra*
Regina Calcaterra

14