CALCATERRA POLLACK LLP
Regina Calcaterra
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1760
Email: rcalcaterra@calcaterrapollack.com

BERGER MONTAGUE PC
Michael Dell'Angelo
Andrew Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
        aabramowitz@bm.net

BERGER MONTAGUE PC
Benjamin Galdston
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Email: bgaldston@bm.net

*Attorneys for Movant Guohua Wang*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LUCAS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH,<br><br>Defendants. | Civil Action No. 1:20-cv-04740-PGG<br>Complaint filed June 19, 2020<br><br><u>CLASS ACTION</u><br><br><br>Hon. Paul G. Gardephe<br>Courtroom 705 |
| MOSHE EPHRATI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS | Civil Action No. 1:20-cv-06010-PGG<br>Complaint filed July 31, 2020<br><br><u>CLASS ACTION</u> |

LLC, JOHN P. LOVE and STUART P.
CRUMBAUGH,

                              Defendants.

DANNY PALACIOS, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiff,

vs.

UNITED STATES OIL FUND, LP,
UNITED STATES COMMODITY FUNDS
LLC, JOHN P. LOVE,  and STUART P.
CRUMBAUGH,

                              Defendants.

Civil Action No. 1:20-cv-06442-PGG
Complaint filed August 13, 2020

<u>CLASS ACTION</u>

**NOTICE OF NON-OPPOSITION TO THE MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL
<u>FILED BY MOVANT NUTIT, A.S.</u>**

Lead Plaintiff Movant Guohua Wang ("Movant") respectfully submits this Notice of Non-Opposition[1] to the Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel filed by movant Nutit, A.S. *Lucas v. United States Oil Fund LP*, Civil Action No. 1:20-cv-04740-PGG ("*Lucas*"), ECF Nos. 43-46 (the "Nutit Motion").

On August 18, 2020, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Movant filed his Motion for Consolidation, Appointment of Lead Plaintiff, and Approval of Selection of Lead Counsel. *Lucas*, ECF No. 47.

Having reviewed the motions filed by other purchasers of United States Oil Fund, LP ("USO") securities, including the exhibits thereto, which reflect each movant's transactions in USO securities between February 25, 2020, and April 28, 2020, inclusive (the "Class Period"), and each movant's losses on those transactions, Movant no longer believes he has "the largest financial interest in the relief sought by the Class." Instead, movant Nutit, A.S., with more than $13 million in losses on Class Period transactions, appears to have by far the "largest financial interest" in the outcome of the litigation of all other movants, and apparently satisfies all other PSLRA requirements for Lead Plaintiff appointment. *See* Nutit Motion, ECF Nos. 43-46. Nutit, A.S., thus appears to be the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff in the consolidated action.

In addition, Movant respectfully submits the appropriate class period for this litigation is the longer period of February 25, 2020, through April 28, 2020, alleged in *Palacios v. United States Oil Fund, LP*, Civil Action No. 1:20-cv-06442-PGG. The other two actions, *Lucas v.*

---

[1] By this Notice of Non-Opposition, Movant does not waive his right to participate and recover as a class member in this litigation.

*United States Oil Fund, LP*, Civil Action No. 1:20-cv-04740-PGG, and *Ephrati v. United States Oil Fund, LP*, Civil Action No. 1:20-cv-06010-PGG, each allege a shorter class period of March 19, 2020, through April 28, 2020. The longer period has the potential to provide redress to a greater number of USO investors. *See Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) (holding use of the "most inclusive class period" is proper for determining competing lead plaintiff motions "as it encompasses more potential class members). "This is consistent with the approach most courts take when confronted with this question." *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019) (collecting cases), reconsideration denied, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020); *accord Hom*, 2016 WL 880201, at *4 (collecting cases). Moreover, the longer period is appropriate as all actions arise from the same alleged fraudulent misconduct and involve the same common questions of law and fact. The actions are all "securities fraud claims that arise from a common course of conduct. The dates on which the misrepresentations occurred do not change their nature." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998) (collecting cases where courts consolidated class actions despite differing class periods). Finally, no prejudice will result from using the longer period in calculating competing lead plaintiff losses, as all class members had notice of the opportunity to seek lead plaintiff appointment. *See Bhojwani v. Pistiolis*, 2007 WL 2197836, at *3 (S.D.N.Y. July 31, 2007), report and recommendation adopted, 2007 WL 9228588 (S.D.N.Y. July 31, 2007); *accord Hom*, 2016 WL 880201, at *4 (where a subsequent action asserts "substantially the same claim or claims . . . only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published."). Thus, February 25, 2020, through April 28, 2020, inclusive, should be treated as the operative Class Period for purposes of calculating losses and selecting the Lead Plaintiff in this matter.

Finally, based on Movant's review of all other competing motions for lead plaintiff appointment, and accepting as true the representation as made therein, Movant appears to have sustained the third-largest loss of all other movants when calculated on a "last-in, first-out" basis. Should this Court deem the other movants inadequate for Lead Plaintiff appointment or find that they suffer from any infirmity that renders them unfit to represent the Class, Movant remains committed to serving as Lead Plaintiff and/or Class Representative in this Action and, for the reasons set forth in Movant's motion, is fit to do so.

Dated: September 1, 2020

Respectfully submitted,

/s/ *Regina Calcaterra*
Regina Calcaterra
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Tel: (212) 899-1760
Email: rcalcaterra@calcaterrapollack.com

Michael Dell'Angelo
Andrew Abramowitz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
        aabramowitz@bm.net

Benjamin Galdston
BERGER MONTAGUE PC
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Email: bgaldston@bm.net

**Attorneys for Movant Guohua Wang**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Regina Calcaterra*
Regina Calcaterra

6