UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ROBERT LUCAS, Individually and on Behalf of All Others Similarly Situated, | x : : : | Civil Action No. 1:20-cv-04740-PGG |
| Plaintiff, | : : : | CLASS ACTION |
| vs. | : : : |  |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH, | : : : : : |  |
| Defendants. | : : |  |
| MOSHE EPHRATI, Individually and on Behalf of All Others Similarly Situated, | x : : : | Civil Action No. 1:20-cv-06010-PGG |
| Plaintiff, | : : : | CLASS ACTION |
| vs. | : : : |  |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH, | : : : : : |  |
| Defendants. | : x |  |

[Caption continued on following page.]


MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR
APPOINTMENT AS LEAD PLAINTIFF


4819-0060-6153.v1

|  |  |  |
|---|---|---|
| DANNY PALACIOS, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-06442-PGG |
|  | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH, | : | |
| | : | |
| Defendants. | : | |
| | : | |

4819-0060-6153.v1

I.    INTRODUCTION

While six motions are still pending before the Court filed by movants seeking appointment as lead plaintiff in this matter pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only one movant satisfies all of the statutory criteria for appointment: Nutit, A.S.[1] Nutit filed a timely motion, has the largest financial interest, and satisfies Rule 23's requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Indeed, Nutit's losses alone are more than all of the remaining movants' alleged losses ***combined***:

| Movant | Alleged Loss[2] |
|---|---|
| **Nutit** | **$13,563,689** |
| Remaining Competing Movants Combined | $9,540,472 |
| Heritage | $6,243,580 |
| O'Connor and Bhartia | $1,477,053 |
| Wang | $1,359,849 |
| Bailey | $414,542 |
| The Sorials | $45,448 |

Beyond possessing the largest financial interest, Nutit has clearly demonstrated that it is entitled to the PLSRA's "most adequate plaintiff" presumption by submitting a declaration affirming its ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* ECF No. 45-4. Nutit's selection of counsel with extensive experience in prosecuting securities class actions, Robbins Geller Rudman & Dowd LLP, further evidences its adequacy. *See* ECF 44 at 6. And, as a

---

[1]    The six remaining movants are: (1) Nutit; (2) Steven Bailey; (3) Andrew Taesoo Chang on behalf of himself and in his capacity as Chief Financial Officer and sole shareholder of Heritage Investment Corp. ("Heritage"); (4) Joseph A. O'Connor Trust and Arjun Bhartia ("O'Connor and Bhartia"); (5) Fady Sorial and Ramy Sorial ("The Sorials"); and (6) Guohua Wang. Richard Vogel and Elaine Vogel as well as Ali Pourmemar and Randall Hernandez filed notices of non-opposition to the competing lead plaintiff motions, recognizing that they do not possess the largest individual financial interest. *See* ECF Nos. 50, 52 ("it appears that Nutit, A.S. is the movant with the 'largest financial interest in the relief sought by the class'"). On August 31, 2020 Andrei Danet filed a notice of withdrawal of his motion. *See* ECF No. 51. Unless otherwise noted herein, all emphasis is added and citations are omitted herein.

[2]    *See* ECF Nos. 24-2; 29-1; 31-3; 39-3; 45-3; 49-3.

- 1 -

4819-0060-6153.v1

sophisticated institutional investor with experience overseeing counsel, Nutit is "exactly the type of sophisticated institutional investor[] that Congress intended to serve as lead plaintiff in PSLRA cases." *Goodwin v. Anadarko Petroleum Corp.*, 2010 WL 11469543, at \*3 (S.D.N.Y. Nov. 16, 2010) (Gardephe, J.).  By contrast, none of the competing movants claim the largest loss, nor can they rebut the presumption in Nutit's favor.

Accordingly, because the competing movants cannot trigger the presumption and cannot rebut it, Nutit is entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and its choice of Lead Counsel should be approved.  The competing motions should be denied.

## II.    ARGUMENTS

### A.    Nutit Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  "This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"  *Goodwin*, 2010 WL 11469543, at \*1 (quoting §78u-4(a)(3)(B)(iii)(II)).

- 2 -

There can be no legitimate dispute that Nutit possesses the "largest financial interest" in this litigation, with ***more than twice*** the alleged losses than the movant with the second largest alleged loss and more than all of the remaining movants' alleged losses ***combined***:

| Movant | Alleged Loss[3] |
|---|---|
| **Nutit** | **$13,563,689** |
| Remaining Competing Movants Combined | $9,540,472 |
| *Heritage* | *$6,243,580* |
| *O'Connor and Bhartia* | *$1,477,053* |
| *Wang* | *$1,359,849* |
| *Bailey* | *$414,542* |
| *The Sorials* | *$45,448* |

Aside from possessing the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Nutit must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). There is no question that Nutit satisfies this requirement. *See* ECF No. 44 at 5-6. Nutit is a joint stock company managing a multi-million dollar portfolio. *See* ECF No. 45-4. Nutit is also overseen by an attorney with significant legal experience – and is thus familiar with selecting and overseeing lawyers. *Id.* Simply put, Nutit is "exactly the type of sophisticated institutional investor[] that Congress intended to serve as lead plaintiff in PSLRA cases." *Goodwin*, 2010 WL 11469543, at *3; *see also City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *6 (S.D.N.Y. Jan. 30, 2019) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733) (same); *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) ("Congress enacted the PSLRA in 1995 with the consideration that the best way to prevent lawyer-driven litigation was to encourage institutional investors to serve as lead plaintiffs."); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The

---

3       *See* ECF Nos. 24-2; 29-1; 31-3; 39-3; 45-3; 49-3.

- 3 -

drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

Because Nutit clearly has the largest financial interest and satisfies Rule 23's requirements, Nutit is presumptively the "most adequate plaintiff."

**B.      The "Most Adequate Plaintiff" Presumption, Which Lies in Nutit's Favor, Cannot Be Rebutted**

The presumptive lead plaintiff, in this case Nutit, must be appointed unless it is ***proven*** that Nutit will not satisfy the typicality and adequacy requirements of Rule 23(a). *See, e.g.*, *Goodwin*, 2010 WL 11469543, at *1 ("This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" (quoting §78u-4(a)(3)(B)(iii)(II))). Indeed, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original); *see also In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).

As outlined above, there can be no dispute that Nutit meets the adequacy and typicality requirements. In addition, Nutit has selected counsel which is highly experienced in securities litigation – a fact that this Court has previously acknowledged. *See* ECF No. 44 at 6-7; *Wilder v. News Corp.*, No. 1:11-cv-04947-PGG, ECF No. 31 at 4 (S.D.N.Y. June 5, 2012) (appointing Robbins Geller Rudman & Dowd LLP as sole lead counsel and recognizing that the Firm "is highly experienced in securities class actions"). Consequently, the "most adequate plaintiff" presumption, which lies in Nutit's favor, cannot be rebutted.

- 4 -

4819-0060-6153.v1

### C.    Heritage Investment Corp. Cannot Trigger the Presumption

Not only does Heritage Investment Corp. possess a smaller financial interest in the relief sought by the putative class, it is subject to unique defenses which preclude its appointment as lead plaintiff.

The primary problem is that nearly half of Heritage's financial interest is predicated on the *sale* of put options while the claims – as Heritage itself acknowledges – are "brought on behalf of all persons who *purchased* or otherwise acquired USO securities." *Compare* ECF No. 39-3 *with* ECF No. 34 at 1. Thus, these transactions simply are not relevant to determining "the largest financial interest in the *relief sought by the class*." 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(bb).

Moreover, "[w]ere [Heritage] to be appointed lead plaintiff for the entire class, factual issues specific to [Heritage] in determining the precise value of the options – *e.g.*, the maturity, the volatility of the price of the [U.S. Oil] stock, the level of short term interest rates, and the competitive structure of the market in which the options are traded – would likely 'threaten to become the focus of the litigation.'" *Andrada v. Atherogenics, Inc.*, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (quoting *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 391 (D.N.J. 1998)); *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, 2012 2012 WL 2872787, at *4 (D. Idaho July 12, 2012) (noting the complex analysis of valuing options losses and comparing them to stock losses at the lead plaintiff stage because "options' valuable lives are limited, their value is conditional, and there is a large disparity between their price and their potential value").

Accordingly, even if Heritage had suffered the largest loss (which it did not), Heritage could not trigger the most adequate plaintiff presumption. Its motion should be denied.

4819-0060-6153.v1

## III.    CONCLUSION

None of the competing movants possess the largest financial interest.  Nor can any competing movant prove that Nutit is either inadequate or subject to unique defenses.  Consequently, none of the competing movants can trigger the PSLRA's most adequate plaintiff presumption.  Accordingly, Nutit respectfully requests that the Court grant its motion and deny the motions of the other movants.

DATED:  September 1, 2020                    Respectfully submitted,

                                                        ROBBINS GELLER RUDMAN
                                                           & DOWD LLP
                                                        SAMUEL H. RUDMAN
                                                        DAVID A. ROSENFELD
                                                        VINCENT M. SERRA


                                                              *s/ David A. Rosenfeld*
                                                        DAVID A. ROSENFELD

                                                        58 South Service Road, Suite 200
                                                        Melville, NY  11747
                                                        Telephone:  631/367-7100
                                                        631/367-1173 (fax)
                                                        srudman@rgrdlaw.com
                                                        drosenfeld@rgrdlaw.com
                                                        vserra@rgrdlaw.com

                                                        ROBBINS GELLER RUDMAN
                                                           & DOWD LLP
                                                        DANIELLE S. MYERS
                                                        JUAN CARLOS SANCHEZ
                                                        655 West Broadway, Suite 1900
                                                        San Diego, CA  92101
                                                        Telephone:  619/231-1058
                                                        619/231-7423 (fax)
                                                        dmyers@rgrdlaw.com
                                                        jsanchez@rgrdlaw.com

- 6 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
PERETZ BRONSTEIN
EITAN KIMELMAN
60 East 42nd Street, Suite 4600
New York, NY  10165
Telephone:  212/697-6484
212/697-7296 (fax)
peretz@bgandg.com
eitan@bgandg.com

Additional Counsel for Plaintiff

- 7 -

4819-0060-6153.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 1, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4819-0060-6153.v1

## Mailing Information for a Case 1:20-cv-04740-PGG Lucas v. United States Oil Fund, LP et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jessica M. Bergin**
  jessica.bergin@ropesgray.com,courtalert@ropesgray.com

- **Regina Marie Calcaterra**
  rcalcaterra@calcaterrapollack.com

- **Richard William Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,klenahan@faruqilaw.com,dbehnke@faruqilaw.com

- **Matthew Moylan Guiney**
  guiney@whafh.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Seth Maxwell Pavsner**
  spavsner@hrsclaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Amy D. Roy**
  amy.roy@ropesgray.com,James.Nowell@ropesgray.com,Jessica.Bergin@ropesgray.com,CourtAlert@ropesgray.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert A. Skinner**
  Robert.Skinner@ropesgray.com,Megan.Everman@ropesgray.com,CourtAlert@ropesgray.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)