**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT LUCAS, Individually and on Behalf of All Others Similarly Situated, | No. 1:20-cv-04740-PGG |
| Plaintiff, | Judge Paul G. Gardephe |
| v. | <u>CLASS ACTION</u> |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE and STUART P. CRUMBAUGH, | |
| Defendants. | <u>ORAL ARGUMENT REQUESTED</u> |
| MOSHE EPHRATI, Individually and On Behalf of All Others Similarly Situated, | No. 1:20-cv-06010-PGG |
| Plaintiff, | |
| v. | |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE, and STUART P. CRUMBAUGH, | |
| Defendants. | |
| DANNY PALACIOS, Individually and on Behalf of All Others Similarly Situated, | No. 1:20-cv-06442-PGG |
| Plaintiff, | |
| v. | |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE, and STUART P. CRUMBAUGH, | |
| Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF HERITAGE'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; AND IN OPPOSITION TO NUTIT'S MOTION**

Proposed Lead Plaintiff Heritage[1] respectfully submits this reply memorandum in further support of its motion (ECF No. 33) for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of Labaton Sucharow as Lead Counsel for the Class, and in opposition to Nutit's motion (ECF No. 43).[2]

## PRELIMINARY STATEMENT

Heritage, as the movant with the largest financial interest in the only cognizable class period, is entitled to appointment under the PSLRA.  Nutit has offered only one unsupported argument in an attempt to rebut Heritage's presumption as the most adequate plaintiff.  But Heritage's transaction in put options fails to give rise to any potential unique defenses.  Indeed, Nutit's argument ignores well-settled PSLRA jurisprudence that purchasers of one type of security are adequate representatives of purchasers of other securities where, as here, the interests of those purchasers are aligned.  To that end, the interests of put option sellers and common stock purchasers are perfectly aligned because they each suffered similar harm upon the revelation of Defendants' fraudulent conduct and corresponding stock decline.  As a result, courts regularly hold that traders in put options are adequate and typical representatives.

In any event, Nutit's failure to timely submit a valid certification disqualifies it from consideration for appointment as lead plaintiff.  Any attempt by Nutit to remedy this deficiency

---

[1]  Unless otherwise noted herein, all defined terms and abbreviations have the same meaning ascribed to them in Heritage's Opening Memorandum of Law in Support of its Motion and its Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff (the "Opposition").  *See* ECF Nos. 33, 34, 56.

[2] Four total motions remained at the time the Opposition was filed, but the USO Investor Group and the Sorials failed to file oppositions or arguments in further support of their motions. Because they have abandoned their motions, the Court should consider them withdrawn.  *See In re Kit Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 443, n.2 (S.D.N.Y. 2013) (equating failure to file opposition brief as abandonment or withdrawal of motion) (collecting cases).  Accordingly, only Heritage and Nutit continue to vie for Lead Plaintiff appointment.

by filing an amended certification with its reply would be untimely under the PSLRA, which sets forth a federally-mandated deadline of 60 days following the publication of notice. Nor can Nutit demonstrate that circumstances beyond its control caused its failure to review and comply with its own Articles of Association and the relevant law of the Czech Republic, as would be required to equitably toll that deadline. In the absence of such a demonstration, its submission must be rejected. Heritage, as the only qualified movant and the presumptive Lead Plaintiff under the PSLRA, should be appointed.

## ARGUMENT

**I.    HERITAGE IS THE PRESUMPTIVE LEAD PLAINTIFF**

### A.    Heritage Has the Largest Financial Interest Under the Operative Class Period

Heritage is the presumptive Lead Plaintiff as it possesses the largest financial interest of $4,545,829 in the only cognizable class period—the Original Class Period—$39,582 greater than the loss claimed by Nutit. *See* ECF No. 57-1.

As set forth in the Opposition (Opp. at 4-9), there is no valid justification for the expansion of the Original Class Period. In fact, the Expanded Class Period contravenes logic as the widespread government imposed lockdowns and halted business operations, which caused the demand for oil to fall precipitously, did not occur until March 2020 (after the start of the Expanded Class Period), and the volatility in the price of oil only ***began*** to spike during that same time. The Expanded Class Period is thus implausible and frivolous and should be rejected by this Court. *See, e.g., In re Centerline Holding Co. Sec. Litig.*, No. 08 Civ. 505(SAS), 2008 WL 1959799, at *3 (May 5, 2008) (rejecting expanded class period where the complaint "fail[ed] to allege any facts whatsoever that would support an inference that [the defendants'] statements were false when made"); *Villare v. ABIOMED, Inc.*, No. 19 Civ. 7319 ER, 2020 WL 3497285, at

*5 (S.D.N.Y. June 29, 2020) (same).

      **B.**      **Heritage's Sale of Put Options Does Not Subject It to Unique Defenses**

Without support, Nutit claims that Heritage cannot represent the proposed Class—defined as "all persons who purchased or otherwise acquired USO securities"—because part of its financial interest is predicated on the sale of put options and therefore those transactions are not relevant to the financial interest analysis. This argument is nonsensical. Indeed, courts "often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where," as here, "the interests of those purchasers are aligned." *Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 WL 2876373, at *6 (S.D.N.Y. July 16, 2008) (stating further that courts have "certified options traders to represent both derivatives and common stock traders in securities class actions"); *see also In re Scientific-Atlantic, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1330 (N.D. Ga. 2007) ("The put option seller also suffers a harm similar to that suffered by a stock investor when the revelation of the truth concerning prior fraudulent conduct causes an artificially inflated stock price to fall. . . . Once the option buyer predictably exercises the option, the seller is effectively forced to purchase the stock at the fraudulently inflated strike price—retroactively placing the put options seller in the shoes of a defrauded stock purchaser.").

To that end, numerous courts within this Circuit have appointed persons or entities who trade in put options as lead plaintiffs of similarly-defined classes. *See, e.g.*, *Lifschitz v. Hexion Specialty Chemicals, Inc.*, No. 1:08-cv-06394, ECF No. 27 at 5-6 (S.D.N.Y. Feb. 17, 2009) (appointing put options trader as lead plaintiff and rejecting argument that he was not a member of a class consisting of purchasers of common stock because the interests of put options traders and common stock purchasers were sufficiently aligned); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 350, 355 (S.D.N.Y. 2011) (finding put options trader appropriate lead plaintiff of

3

class consisting of "investors who **purchased common stock** of Puda"); *In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029 (WHP), 2012 WL 209095, at *1, *10 (S.D.N.Y. Jan. 24, 2012) (same for class "consisting of all persons or entities who **bought or otherwise acquired** SLM Corporation . . . common shares"); *In re Priceline.com Inc.*, 236 F.R.D. 89, 93, 98 (D. Conn. 2006) (same for class defined as "persons who **purchased or otherwise acquired** securities of priceline.com Inc.").

Nor does Heritage's transaction in put options render it inadequate or atypical. Tellingly, sellers of put options are regularly held to be adequate and typical representatives of similarly-defined classes especially where, as here, the proposed lead plaintiff transacted in both common stock and put options.[3] *See, e.g.*, *SLM*, 2012 WL 209095, at *10 (rejecting argument that options trading rendered the plaintiff atypical because "[i]nvestors who traded in both options and common stock have repeatedly been found to be typical and adequate representatives of common stock purchasers"); *In re Donkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("In view of the fact that Emanon Partners, L.P. held almost six times as much common stock as it did options, Emanon Partners, L.P. does not lack typicality or adequacy under Rule 23(a) for the purpose of determining the lead plaintiff.").

As a result of the foregoing, Heritage is the movant claiming the largest financial interest in the only operative class period, while also satisfying the typicality and adequacy requirement of Rule 23, and is thus entitled to appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). As the lead plaintiff review process mandated by the PSLRA is a sequential one, the Court's

---

[3] For this reason *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061 (RJH), 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005), cited by Nutit, is inapposite. *See also Goldstein*, 827 F. Supp. 2d at 355 (holding *Andrada* inapplicable because, in contrast to that case, the proposed plaintiff traded in both common stock and options during the class period); *see also Priceline*, 236 F.R.D. at 98 (rejecting *Andrada*).

4

inquiry thus begins and ends with Heritage.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .").

## II.    NUTIT'S INVALID CERTIFICATION REMAINS DISQUALIFYING

Moreover, Nutit's PSLRA certification, signed by only a single Director without apparent authority to bind Nutit and in violation of its Articles of Association and the laws of the Czech Republic, is null and void.  Specifically, neither Nutit's certification (ECF No. 45-2) nor the declaration of Zdeněk Strnad, Nutit's compliance officer and Director (ECF No. 45-4), both signed solely by Mr. Strnad, demonstrate that he has the requisite authority to bind Nutit to this litigation, as is required by the PSLRA.  *See, e.g., In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 WL 918535, at *2-4 (D.N.J. Mar. 3, 2015) (rejecting institutional lead plaintiff movant where certification provided no indication that its signer was authorized to sign on the company's behalf).

Notwithstanding, Nutit's certification is disqualifying for the additional reason that, pursuant to Nutit's own Articles of Association, "the company shall ***always be represented by at least two members of the Board of Directors jointly, always the Chairman of the Board of Directors and another member of the Board of Directors.***" ECF No. 57-2 ¶ 5.  To the contrary, however, Nutit's certification is signed by only one Director and therefore fails to bind Nutit in order to ensure its consideration as a lead plaintiff movant in this Action.  Moreover, Nutit's certification, as a written instrument under relevant law of the Czech Republic, required Nutit to append a written delegation of authority or written power of attorney to demonstrate Strnad's signing authority, which Nutit has failed to do here.  *See id.* ¶ 6.

As a result of Nutit's failure to comply with the law of the Czech Republic and its own Articles of Association, Nutit's certification is invalid, disqualifying it from consideration as a

5

lead plaintiff in this action.  *See* Opposition at 10-12; *see also In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at \*3 (N.D. Ill. Jan. 28, 2020) ("The [PSLRA] makes such certifications a prerequisite to making an application to serve as lead plaintiff.").[4]

Critically, any attempt by Nutit to remedy these deficiencies by filing an amended certification with its reply would be untimely under the PSLRA.  *See Nasin*, 2017 WL 5598214, at \*3 (rejecting attempt to file amended certification after the 60-day deadline).  In this regard, the PSLRA sets forth a strict and mandatory 60-day deadline to file motions for lead plaintiff appointment, providing that such motions be filed "***not later than*** 60 days after the date on which the notice is published."  15 U.S.C. § 78u-4(a)(3)(A)(ii); *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999).  Importantly, the only means by which to seek an extension of a federally-mandated deadline in this case would be to apply the doctrine of equitable tolling.  *See, e.g., Gillyard v. Herbert*, No. 01 Civ. 3427(DC), 2003 WL 194692, at \*5 (S.D.N.Y. Jan. 30, 2003) (rejecting time-barred petition where party could not show the availability of equitable tolling).

Thus, in order to submit an amended certification beyond the PSLRA's 60-day deadline, Nutit is required to demonstrate the availability of equitable tolling, including that the company has been: (1) diligently pursuing its rights; and (2) that "some ***extraordinary circumstance*** stood in his way."  *See Attipoe v. Barr*, 945 F.3d 76, 82 (2d Cir. 2019).  "To count as sufficiently 'extraordinary' to support equitable tolling, the circumstances that caused a litigant's delay must have been ***beyond its control***."  *Young v. Sec. Exch. Comm'n*, 956 F.3d 650, 655 (D.C. Cir. 2020); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("Equitable tolling applies

---

[4] *See also Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-cv-3244 (WJM), 2017 WL 5598214, at \*3 (D.N.J. Nov. 21, 2017) (lead plaintiff movant's "deficient certifications will subject it to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff") (citation omitted).

only in the 'rare and exceptional circumstance[].'") (citation omitted).  Nutit's failure to review and comply with its own Articles of Association and relevant law, despite Mr. Strnad's "significant legal experience," (ECF No. 45-4 ¶ 1) can hardly be considered a circumstance "beyond its control."  *See, e.g., Johnson v. Nyack Hosp.*, 86 F.3d 8, 13 (2d Cir. 1996) (denial of equitable tolling appropriate when it is sought in response to "largely 'a self-inflicted wound'") (citation omitted).  In the absence of such a demonstration, this Court is unable to consider any late-filed certification by Nutit.

## CONCLUSION

For the foregoing reasons, Heritage respectfully requests that the Court grant its motion and deny Nutit's motion.

DATED:  September 8, 2020                    Respectfully submitted,

                                             */s/ Francis P. McConville*

                                             **LABATON SUCHAROW LLP**
                                             Christopher J. Keller
                                             Eric J. Belfi
                                             Francis P. McConville
                                             David J. Schwartz
                                             140 Broadway
                                             New York, New York 10005
                                             Telephone: (212) 907-0700
                                             Facsimile: (212) 818-0477
                                             ckeller@labaton.com
                                             ebelfi@labaton.com
                                             fmcconville@labaton.com
                                             dschwartz@labaton.com

                                             *Counsel for Lead Plaintiff Movant Andrew Taesoo Chang and Heritage Investment Corp. and Proposed Lead Counsel for the Class*

                                             **THE SCHALL LAW FIRM**
                                             Brian Schall
                                             Rina Restaino
                                             1880 Century Park East, Suite 404

Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Andrew Taesoo*
*Chang and Heritage Investment Corp.*

8