UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re UNITED STATES OIL FUND, LP SECURITIES LITIGATION | : : : : : : : : | Civil Action No. 1:20-cv-04740-PGG<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | | |
| | x | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully submits this Notice of Supplemental Authority advising the Court of the SEC's recent Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order in *In the Matter of United States Commodity Funds LLC and United States Oil Fund, LP*, SEC Release No. 11006, 2021 WL 5205955 (Nov. 8, 2021) ("SEC Order") (attached hereto as Exhibit 1).[1]  The SEC Order – which determined that defendants USO and USCF violated the federal securities laws because USO failed to disclose material information to investors in public filings during the Class Period – further supports denial of Defendants' motion to dismiss the CAC.

The SEC Order arises from the SEC investigation at issue in the CAC regarding disclosures made to investors in a registration statement filed by USO with the SEC in April 2020, as well as pre-effective amendments to USO's registration statement, about changes made to USO's investment strategy and limitations placed on the Fund in the Spring of 2020.  ¶¶136-137; SEC Order at *2.  Specifically, the SEC found that in the midst of significant oil market turmoil and following unprecedented investor inflow into USO, and just two days after the front month WTI futures contract closed at a negative price on April 20, 2020, USO's sole futures commission merchant ("FCM")[2] (through whom the Fund placed futures orders) told USO it would not execute any new oil futures positions for USO.  SEC Order at *4.  As a result of this explicit limitation, USO was restricted from investing the proceeds generated by the future sale of newly created shares in oil future contracts, meaning that USO would have to invest those proceeds in U.S. Treasuries or cash equivalents – and ***not*** the front month WTI futures contract – creating the risk

---

[1]   Capitalized terms not otherwise defined herein have the same meanings ascribed to them in Plaintiff's Opposition.  All references to "¶_" or "¶¶_" refer to the consolidated amended complaint ("CAC") (ECF No. 68).

[2]   The CAC alleges that USO's only FCM at this time was RBC Capital Markets, LLC.  ¶116.

of tracking error between USO's investment objective and its NAV when the suspension of new creations was lifted, *id*. at *2, as well as limiting potential upside for investors.

Despite the FCM's clear and repeated communications to USO about the limitation – which the SEC found was "critical to USO" given that it impaired USO's investment objective (*id.*) – the SEC determined that from April 24 through May 21, 2020, USO "failed to fully disclose material information regarding the [limitation] in numerous public filings, rendering those public filings misleading." *Id*. For example, while USO referenced certain "risk mitigation measures" in April 24 and 27, 2020 Forms 8-K, and in an April 27, 2020 amendment to its April 20, 2020 registration statement, the SEC found that these filings failed to "specifically mention the FCM's limit on USO's ability, if it had shares available for sale, to invest the proceeds generated by new creations in *any* oil futures contracts." *Id*. at *5 (emphasis added). Not until after the FCM informed the SEC about the limitation imposed on USO, and after the SEC directed USO to correct a May 11, 2020 amendment to the registration statement (which again did not fully disclose the limitation), did USO finally disclose, in a May 21, 2020 amendment, the FCM's limitation and the true investment risk it presented. *Id*. at *5-*7. As a result of the foregoing conduct, the SEC imposed a $2.5 million civil penalty on USO and USCF and concluded that "USO and USCF violated Section 17(a)(3) of the Securities Act, which prohibits in the offer or sale of securities, engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser." *Id*. at *8.

The SEC Order further supports the sufficiency of the allegations in the CAC, including that Defendants made false and misleading statements and failed to disclose material information during the Class Period, and confirms that Defendants' motion to dismiss should be denied in its entirety. Notably, the SEC Order bolsters the CAC's allegations concerning, *inter alia*, the falsity

of Defendants' inadequate disclosures about the changes to USO's investment strategy, including the risk that USO would not be able to meet its stated investment objective, and the corresponding constraints placed upon it by market participants such as its sole FCM.  ¶¶116-122.  It also contradicts Defendants' contention that they "kept investors apprised of all material facts in real time."  ECF No. 143 at 44; *see also id*. at 4 ("USO also updated investors in real time as the limits were imposed").[3]  Additionally, the SEC Order supports the CAC's scienter allegations as it provides further evidence that Defendants were uniquely aware of adverse facts impacting the Fund during the Class Period.

For these reasons, and as set forth in its prior submissions, Plaintiff respectfully submits that Defendants' motion to dismiss should be denied.

DATED:  November 24, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA
WILLIAM A. MASSA

/s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com
wmassa@rgrdlaw.com

---

[3]   The SEC Order also further repudiates Defendants' contentions that the SEC investigation does "not lend any legal support to [Plaintiff's] claims" and that the CAC does not allege how the investigations relate to the challenged disclosures.  ECF No. 143 at 42 n.17.

ROBBINS GELLER RUDMAN
  & DOWD LLP
BRIAN E. COCHRAN
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
bcochran@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
PERETZ BRONSTEIN
EITAN KIMELMAN
60 East 42nd Street, Suite 4600
New York, NY  10165
Telephone:  212/697-6484
212/697-7296 (fax)
peretz@bgandg.com
eitan@bgandg.com

*Additional Counsel for Plaintiff*