**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE: UNITED STATES OIL FUND, LP SECURITIES LITIGATION |
| This Document Relates To:  ALL ACTIONS |

Case No. 1:20-cv-04740 (PGG) (GWG)

Oral Argument Requested

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants United States Oil Fund, LP ("USO"), United States Commodity Funds LLC ("USCF"), John P. Love, Stuart P. Crumbaugh, Nicholas D. Gerber, Andrew F Ngim, Robert L. Nguyen, Peter M. Robinson, Gordon L. Ellis, and Malcolm R. Fobes III (collectively, the "USO Defendants"), by and through their undersigned attorneys, respectfully submit this Notice of Supplemental Authority advising the Court of a ruling for USO and USCF in an analogous case, *Optimum Strategy Fund I, LLP v. United States Oil Fund, LP and United States Commodity Fund, LLC*, No. 3:22-cv-00511 (MPS) (the "Connecticut Action"), which dismissed a complaint pending in the United States District Court for the District of Connecticut (the "Connecticut Complaint"). Judge Michael Shea's written opinion granting USO's and USCF's motion to dismiss (the "Connecticut Opinion") (attached hereto as Exhibit 1) dismissed, with prejudice, the plaintiff's claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (the "Exchange Act"), its implementing rule, Rule 10b-5, 17 C.F.R. § 240.10b-5, and a claim for control person liability under Section 20(a) of the Exchange Act.[1]  The Connecticut Complaint was based on the same operative facts as those alleged in the Consolidated Amended Complaint

---

[1] Having dismissed all claims over which he had original jurisdiction, Judge Shea declined to exercise supplemental jurisdiction over the plaintiff's state law claim under the Connecticut Uniform Securities Act ("CUSA"), Conn. Gen. Stat. § 36b-3 and dismissed this claim without prejudice.  Connecticut Opinion at 32.

("CAC")[2] in this action – in fact, the allegations in the Connecticut Complaint were heavily lifted from the CAC though did include additional allegations beyond those in the CAC.  Given the overlap, the Connecticut Opinion provides further support for the USO Defendants' pending motion to dismiss the CAC.

**I.    Like the Connecticut Action, the CAC Fails to Plead Sufficient Facts to Demonstrate Scienter**

In his opinion, Judge Shea found that Plaintiff did not allege facts sufficient to demonstrate scienter or loss causation as required for Section 10(b) and Section 20 claims.  The Section 10(b) and Rule 10b-5 claims in the CAC Counts III and IV have the same scienter deficiencies as the Connecticut Complaint.  As outlined in both the USO Defendants' Memorandum of Law in Support of their Motion to Dismiss the Consolidated Amended Complaint ("USCF Motion to Dismiss") and the Connecticut Opinion, both complaints failed to make a plausible allegation of scienter through facts demonstrating either a "motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

*A.    Plaintiff has not pled facts demonstrating a motive or opportunity to commit fraud.*

Judge Shea found that the plaintiff in the Connecticut Action had not pled "enough facts concerning motive to show that an inference of scienter is at least as compelling as any nonfraudulent inference." Connecticut Opinion at 22.  He held that a showing of "motive or opportunity" to commit fraud must include allegations of "the type of particular circumstances that [Second Circuit] case law has recognized." *Id.* at 19 (citing *Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000)).  Judge Shea then cites numerous Second Circuit opinions in holding that "[t]hese 'particular circumstances' do not include generalized motives common to all corporations and

---

[2] The "CAC" refers to the Consolidated Amended Complaint in the present case (ECF No. 68).

-2-

corporate officers, such as the incentive to keep a company's stock price high to increase executive compensation, a company's desire to maintain a high bond or credit rating, or the incentive to maintain the appearance of corporate profitability or the success of an investment." *Id.* (citations omitted). Instead, an allegation of "particular circumstances" warranting a strong inference of scienter, under Second Circuit precedent, requires "more specific, more acute incentives than those that would apply to most or all corporations and corporate executives." *Id.* at 20 (citations omitted).

The Connecticut Complaint relied on a motive for higher management fees in alleging that "[h]ad USCF and USO 'disclosed the true events, trends and uncertainties impacting the Fund during the period from February 2020 to May 2020 . . . USCF would have received substantially less fees because investors [like] Plaintiff' might have '[paid] less to invest in the Fund or refused to invest in USO entirely.'" *Id.* at 21 (quoting Connecticut Complaint, ECF No. 12 at ¶ 77). Judge Shea, citing five Southern District of New York opinions, rejected these allegations as "insufficient to sustain a motive and opportunity theory, because they plead no more than the same general incentives every fund manager has to grow the size of the fund." *Id.* (citations omitted).

As outlined in the USCF Motion to Dismiss, the CAC relies on the same generic allegations of a motive to collect management fees as alleged in the Connecticut Complaint. *See* USCF Motion to Dismiss at 47 (citing CAC at ¶¶ 213–15). The Connecticut Opinion, and cases cited therein, makes clear that Plaintiff cannot rely on a desire to collect fees, without more, to allege a motive and opportunity to commit fraud. Without an allegation of motive or opportunity, Plaintiff must demonstrate strong circumstantial evidence of conscious or reckless misbehavior to meet the scienter requirements of Section 10(b) and Rule 10b-5.

      B.      *Plaintiff has not pled facts demonstrating strong circumstantial evidence of conscious misbehavior or recklessness.*

Judge Shea also found that the Connecticut Complaint did not allege sufficient facts constituting conscious or reckless misbehavior. Connecticut Opinion at 24. He relied on Second Circuit case law in identifying "what may constitute recklessness in the context of a private securities fraud action." Connecticut Opinion at 23 (citing S. *Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 109 (2d Cir. 2009)). Specifically, he noted that, "'[the Second Circuit has] referred to conduct that at the least is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it, or to evidence that the defendants failed to review or check information that they had a duty to monitor, or ignored obvious signs of fraud.' *Id.* (cleaned up)."

Judge Shea held that the Connecticut Complaint did not allege any facts suggesting any "highly unreasonable" conduct by defendants, finding that the "allegations boil down to a description of the general knowledge of the business and market conditions that Defendants acquired from their roles in and day-to-day operation of the fund." *Id.* at 24. He added, "[i]f such allegations were enough to allege conscious misbehavior, then no issuer of securities or fund manager could avoid a finding of scienter whenever inaccurate statements were made in SEC filings." *Id.* This is consistent with the USO Defendants' arguments in the USCF Motion to Dismiss, which noted that "[t]he unremarkable assertion that the USO Defendants are knowledgeable about historical or day-to-day market conditions concerning crude oil or oil futures contracts, CAC ¶ 211, does not support an inference that the subsequent market developments were so obvious that it was reckless for the USO Defendants to not have made additional disclosures. . . . If this were enough, scienter could be assumed every time a defendant creates an

investment fund, monitors it, and participates in a related market."  USCF Motion to Dismiss at 49.

Further, Judge Shea found that the Connecticut Complaint did not allege facts signifying that "the danger [of misleading investors] was either known to the defendant or so obvious that the defendant must have been aware of it."  Connecticut Opinion at 24 (citing *South Cherry Street, LLC*, 573 F.3d at 109).  He noted that, "[u]nder the PSLRA, [w]here [a] plaintiff[] contend[s] defendants had access to contrary facts, they must specifically identify the reports or statements containing this information."  *Id.* (citing *Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*, 531 F.3d 190, 196 (2d Cir. 2008); *Sec. & Exchange Comm'n v. Allison*, 588 F. Supp. 3d 509, 523 (S.D.N.Y. 2022)).  The Connecticut Complaint did not contain "any facts suggesting that it was 'obvious' to Defendants when they issued the March registration statement that the impact of COVID-19" would cause the market developments that occurred, "[n]or [did] the complaint point to specific information in the Defendants' possession at the time they made the challenged disclosures that contradicted any of the statements in those disclosures."  *Id.* at 24–25.[3]  Similarly, as the USO Defendants argued in the present action, Plaintiff's allegations of conscious misbehavior or recklessness are insufficient under the PSLRA, as the CAC "fails to offer any plausible, particularized allegations as to the nature of the supposed inside knowledge or how such knowledge or information put the USO Defendants on notice of anything contrary to their disclosures."  USCF Motion to Dismiss at 50.

---

[3] Indeed, Judge Shea concluded that "[t]he complaint does not identify specific information of which Defendants were aware (or obvious information they ignored) that would have shown that the statements USO was making in public filings were materially misleading."  Connecticut Opinion at 25.  Similarly, Plaintiffs in the present action have failed to adequately plead that the statements of which they complain were materially misleading.  *See* USCF Motion to Dismiss at 21-41.

Considering the above, the Connecticut Opinion concluded that the facts alleged in the Connecticut Complaint cannot give rise to a strong inference of scienter.  Connecticut Opinion at 27.

For these reasons, and as set forth in prior submissions, Defendants respectfully submit that the USCF Motion to Dismiss should be granted and the Court should dismiss the CAC with prejudice.

Dated:  March 27, 2023                          **ROPES & GRAY LLP**


                                                */s/ Amy D. Roy*
                                                Robert A. Skinner (*admitted pro hac vice*)
                                                Amy D. Roy *(admitted pro hac vice)*
                                                Prudential Tower
                                                800 Boylston Street
                                                Boston, Massachusetts 02199-3600
                                                Tel.:  (617) 951-7000
                                                Fax:  (617) 951-7050
                                                *robert.skinner@ropesgray.com*
                                                *amy.roy@ropesgray.com*


                                                *Attorneys for Defendants United States Oil Fund, LP, United States Commodity Funds LLC, John P. Love, Stuart P. Crumbaugh, Nicholas D. Gerber, Andrew F Ngim, Robert L. Nguyen, Peter M. Robinson, Gordon L. Ellis, and Malcolm R. Fobes III*