**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

March 31, 2023

<u>VIA ECF</u>

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

   Re: *In re United States Oil Fund, LP Securities Litigation*,
      <u>Case No.: 1:20-cv-04740 (PGG) (S.D.N.Y.)</u>

Dear Judge Gardephe:

  We write on behalf of Lead Plaintiff Nutit, A.S. ("Plaintiff") in response to Defendants' Notice of Supplemental Authority (ECF No. 167; the "Notice") regarding the recently issued non-binding opinion by Judge Michael P. Shea in *Optimum Strategies Fund I, LLP v. United States Oil Fund, LP & United States Commodity Fund, LLC*, No. 3:22-cv-00511 (MPS) (D. Conn) ("*Optimum Strategies*").[1] Plaintiff's response is set forth below.

**I.  Unlike in *Optimum Strategies*, Plaintiff Has Adequately Pleaded Scienter and Identified Sufficient Supporting Authority to Sustain Its 1934 Act Claims**

  In *Optimum Strategies*, Judge Shea dismissed plaintiff's fraud-based claims under Sections 10(b) and 20(a) of the 1934 Act – the only claims that plaintiff brought and were before that court – on the grounds that plaintiff failed to adequately allege scienter and loss causation.[2] Plaintiff's scienter allegations in *Optimum Strategies* are contained in a threadbare 32-page complaint,[3] followed by a single paragraph of argument (65 words in total),[4] without ***any*** supporting legal authority, in plaintiff's opposition to defendants' motion to dismiss. Unsurprisingly, based on these undeveloped allegations and the sole unsupported scienter argument set forth by plaintiff in its opposition, Judge

---

[1] Capitalized terms not otherwise defined herein have the same meanings ascribed to them in Plaintiff's brief in opposition to Defendants' motion to dismiss. ECF No. 151. Unless otherwise noted below, all references to "¶_" or "¶¶_" refer to the consolidated amended complaint. ECF No. 68; the "CAC."

[2] Defendants here have not challenged loss causation with respect to Plaintiff's 1934 Act claims. Thus, Judge Shea's holding on that basis has no bearing on Defendants' motion to dismiss the CAC.

[3] *See* Second Amended Complaint, attached hereto as Ex. 1.

[4] *See* Memorandum of Law in Opposition to Motion to Dismiss, attached hereto as Ex. 2, at 25.

**Robbins Geller
Rudman & Dowd LLP**

The Honorable Paul G. Gardephe
March 31, 2023
Page 2

Shea concluded that plaintiff did not plead sufficient facts to constitute strong circumstantial evidence of conscious misbehavior or recklessness or to show that defendants had motive to commit fraud. ECF No. 167-1 at 17-28. But unlike in *Optimum Strategies*, Plaintiff's allegations of conscious misbehaver or recklessness and motive contained in the 103-page CAC here are based on painstakingly detailed allegations of undisclosed adverse facts and breakdown in market fundamentals impacting the Fund and known to and inflamed by Defendants themselves, supported by comprehensive scienter-specific arguments in its opposition brief and analysis of two highly relevant supplemental authorities that plaintiff in *Optimum Strategies* either inadequately discussed (the November 8, 2021 SEC Cease-and-Desist Order)[5] or didn't bother to address at all (*Set Capital*).[6]

For example, Judge Shea recognized that "the only allegation Plaintiff points to in its brief when addressing scienter" is that Defendants did not adequately disclose the limitation placed on USO by its sole futures commission merchant ("FCM") in April 2020. ECF No. 167-1 at 27. But Plaintiff's scienter arguments here are not so limited. Indeed, in addition to the comprehensive allegations upon which Plaintiff's scienter allegations are based (¶¶60-138), including the FCM limitation, Plaintiff explained in its opposition that prior to the limitation – *i.e.*, by the March Offering and certainly by April 2020 – given the negative impacts of undisclosed adverse trends that Defendants were themselves acknowledging, "by the USO Defendants' *own* later-revealed admissions, these Defendants knew but did not disclose to USO investors their knowledge of material adverse facts impacting the fund."[7] ECF No. 151 at 48. Moreover, in contrast to the limited analysis set forth by plaintiff in *Optimum Strategies*, Plaintiff here provided a thorough examination of how the SEC Order detailing Defendants' 1933 Act violations for failing to disclose the FCM's limitation further supports the sufficiency of Plaintiff's allegations in the CAC, including those allegations demonstrating scienter, and further confirms that Defendants' motion to dismiss should be denied in its entirety. ECF No. 158 at 1-3. As explained in the SEC Order itself:

> This New Creations Limit was ***critical*** to USO, as an ETP, as it restricted USO from investing the proceeds generated by the future sale of newly-created shares in certain oil futures contracts. This meant that those proceeds would have to be invested in U.S. Treasuries or cash equivalents or simply held as cash, thereby introducing the risk of tracking error between USO's investment objective and its NAV whenever the suspension of new creations was lifted.

---

[5]    *In the Matter of United States Commodity Funds LLC and United States Oil Fund, LP*, SEC Release No. 11006, 2021 WL 5205955 (Nov. 8, 2021) ("SEC Order"), ECF No. 158-1.

[6]    *Set Capital LLC v. Credit Suisse Grp. AG*, No. 19-cv-3466, 2021 WL 1619620 (2d Cir. Apr. 27, 2021), *vacating in part*, No. 18-cv-2268, 2019 WL 4673433 (S.D.N.Y. Sept. 25, 2019), ECF No. 154-1.

[7]    All emphasis is added.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Paul G. Gardephe
March 31, 2023
Page 3

*   *   *

From April 24 through May 21, 2020, USO's public filings, including three pre-effective amendments to its registration statement, *failed to fully disclose material information* regarding the New Creations Limit in numerous public filings, rendering those public filings *misleading*.  As a result, USO and USCF violated Section 17(a)(3) of the Securities Act.

SEC Order at 1-2.  Despite these findings, Judge Shea determined that "any danger that investors would be misled was not 'obvious' in light of the disclosures the Defendants did make and in light of other circumstances at the time."  ECF No. 167-1 at 25.  But the SEC considered that USO disclosed certain "risk mitigation measures" imposed on USO as discussed in *Optimum Strategies* and still determined that "USO failed to fully disclose the character and nature of this limit" and that "[a]s a result, *USO's investors failed to receive material information to inform their investment decisions*." SEC Order at 2, 5-6.

Notably, plaintiff in *Optimum Strategies* also failed to identify any other bases supporting scienter in its opposition brief.  Unsurprisingly, therefore, Judge's Shea's opinion omits any reference to the additional arguments Plaintiff asserts here in support of its allegations that Defendants acted recklessly.  For example, there is no mention at all in *Optimum Strategies* that the Individual Defendants' signing of the Registration Statements, contrary to Defendants' argument, lends further support to a finding of scienter.  ECF No. 151 at 48-49.  There is also no mention of the core operations doctrine, which permits an inference that USO and its senior executives have knowledge of matters critical to the long-term viability of the company and events affecting a significant source of income and further supports scienter because Defendants' misleading statements and omissions concerned critical aspects of USO's business.  *Id*. at 49.  The failure to consider both these additional bases for scienter and the extensive undisclosed adverse facts (and their impact on USO) detailed in the CAC, renders any analysis of Defendants' scienter incomplete, particularly given the requirement to holistically consider "whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."  *Id*. at 46.[8]

Finally, with respect to plaintiff's allegations that "Defendants had motive to commit fraud because USCF benefitted—by earning more in management fees—from increased investment in the Fund," the court in *Optimum Strategies* determined that plaintiff's allegations amounted to "no more

---

[8]    Judge Shea's finding that plaintiff's conscious or reckless misbehavior allegations "boil down to a description of the general knowledge of the business and market conditions that Defendants acquired from their roles in and day-to-day operation of the fund" (ECF No. 167-1 at 24) are, of course, also based on plaintiff's threadbare complaint, not Plaintiff's detailed CAC here.  In any event, the allegations in the CAC make clear that the USO Defendants recklessly failed to disclose adverse facts actually known to them about USO that were necessary to make their statements not misleading.  *E.g*., ¶¶207-215.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Paul G. Gardephe
March 31, 2023
Page 4

than the same general incentives every fund manager has to grow the size of the fund." ECF No. 167-1 at 21. But because plaintiff provided *no* legal authority or other argument suggesting that motive can be found in similar circumstances – as Plaintiff has done here (ECF No. 151 at 50-51) – the court's findings on motive appear to be based on an incomplete analysis. For example, as Plaintiff pointed out in its opposition to Defendants' motion to dismiss, "courts in this district have found that a desire to generate additional fee income may provide a sufficient motive to commit fraud, particularly where the defendant possesses a personal stake in the business and the fee income." *In re Reserve Fund Sec. & Derivative Litig.*, 732 F. Supp. 2d 310, 317-18 (S.D.N.Y. 2010) (Gardephe, J.) (discussing cases); *see also Heller v. Goldin Restructuring Fund, L.P.*, 590 F. Supp. 2d 603, 620-21 (S.D.N.Y. 2008). Moreover, Plaintiff's motive allegations are supported by further detailed allegations that simply are not pleaded in plaintiff's complaint in *Optimum Strategies*. *Compare, e.g.*, ¶¶8, 111, 213 *with* Ex. 1 at ¶¶76-77; *see also* ECF No. 151 at 51.

**II.    *Optimum Strategies* Has No Bearing on Plaintiff's Strict Liability and Negligence-Based 1933 Act Claims**

While claims under Sections 10(b) and 20(a) must satisfy the particularity requirements of Rule 9(b) for claims sounding in fraud, Plaintiff's 1933 Act claims are based in strict liability and negligence, and are only subject to the short-and-plain-statement pleading requirement of Rule 8(a)(2). Significantly, Section 11 only requires Plaintiff to plead a material misstatement or omission in the registration statement, and does not require a showing of scienter or loss causation. As *Optimum Strategies* did not "address whether Optimum adequately pleaded material misrepresentations or omissions," (ECF No. 167 at 17) but rather focused only on scienter and loss causation under the heightened pleading standard for Sections 10(b) and 20(a), the opinion has no bearing on Plaintiff's claims under Sections 11 and 15 of the 1933 Act.

For these reasons, and as set forth in its prior submissions, Plaintiff respectfully submits that Defendants' motion to dismiss should be denied in its entirety.

Respectfully submitted,

*/s/ David A. Rosenfeld*

David A. Rosenfeld

cc:    All Counsel of Record (via ECF)