**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: UNITED STATES OIL FUND, LP SECURITIES LITIGATION <br><br> This Document Relates To:  ALL ACTIONS | Case No. 1:20-cv-04740 (PGG) (GWG) |

## <u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Defendants United States Oil Fund, LP ("USO"), United States Commodity Funds LLC, John P. Love, Stuart P. Crumbaugh, Nicholas D. Gerber, Andrew F Ngim, Robert L. Nguyen, Peter M. Robinson, Gordon L. Ellis, and Malcolm R. Fobes III (collectively, the "USO Defendants"), by and through their undersigned attorneys, respectfully submit this Notice of Supplemental Authority advising the Court of a recent ruling by another judge of this Court  that supports the USO Defendants' arguments, set forth in the Motion to Dismiss (ECF No. 143), that the Consolidated Amended Complaint ("CAC") in this action (ECF No. 68) fails to state a claim under the securities laws.

In *Gomez v. Credit Suisse AG*, No. 22-cv-115 (S.D.N.Y.) (Cronan, J.), the plaintiff alleged violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 thereunder relating to disclosures regarding exchange-traded notes (or "ETNs") – a product similar in structure to exchange-traded funds like USO – whose investment objectives were linked to an index tracking the performance of natural gas futures contracts.  According to the plaintiff in *Gomez*, the defendant's disclosures did not adequately describe the risk of loss to holders of short positions in the ETNs upon the defendant's announcement that it would cease issuing new shares of the ETNs and delist them – *i.e.*, a "short squeeze."  In a March 31, 2023 decision granting the defendant's motion to dismiss the claims (attached hereto as Exhibit 1), Judge Cronan rejected the plaintiff's

allegations that the defendant's failure to warn explicitly "that market conditions were such that a short squeeze was imminent" comprised a material omission, given the total mix of information available to investors about the risks of investing in the ETNs.  Exhibit 1 at 15–23.  The court found that, despite the lack of an express warning of a potential short squeeze, the disclosures were "sufficient to put a reasonable investor on notice of the risk" of this outcome (*id.* at 20), through a combination of: (1) the general risk disclosures in the ETNs' offering documents (including that the defendant's own actions could affect the market price), (2) the language of the defendant's press release announcing the suspension and delisting of the ETNs, and (3) publicly available information about the large short interest in the ETNs and the defendant's own holdings in them. *Id.*  Judge Cronan cites to the same case authority cited in the Motion to Dismiss in explaining that once the defendant disclosed the general nature of the risks of investing, "'the securities laws do not require issuers to predict the precise manner in which disclosed risks will manifest themselves.'"  *Id.* at 19-20 (quoting *Rubinstein v. Credit Suisse Grp. AG*, 457 F. Supp. 3d 289, 298 (S.D.N.Y. 2020) and citing *In re ProShares Tr. Sec. Litig.*, 889 F. Supp. 2d 644, 656 (S.D.N.Y. 2012) *aff'd*, 728 F.3d 96 (2d Cir. 2013)); *compare* Motion to Dismiss at 22–24 (citing the same).

Judge Cronan further held that the plaintiff in *Gomez* also "fail[ed] to plead a strong inference of scienter," rejecting, among other things, the assertion that the defendant's interest in earning ongoing fees for the management of the ETNs provided a plausible motive.  Exhibit 1 at 25–28.  For the reasons set forth in the USO Defendants' prior submissions,[1] Plaintiff here likewise fails to plead scienter.

---

[1] In its response to the USO Defendants' prior Notice of Supplemental Authority (ECF No.167) ("March 2023 Notice"), Plaintiff mischaracterizes the contents of the CAC and relies on non-existent allegations to argue that the CAC alleges more facts demonstrating scienter than the District of Connecticut complaint that was the subject of the March 2023 Notice.  *See* Plaintiff's Response to Defendants' Notice of Supplemental Authority (the "Response"), ECF No. 159.  In this action, Plaintiff did not include the FCM limitation at issue in the Connecticut complaint in the CAC and referenced it only in a November 24, 2021 Notice of Supplemental Authority, ECF No. 158 (the "November 2021 Notice"), informing the Court of *In the Matter of United States Commodity Funds LLC and United States Oil*

The USO Defendants respectfully submit that the Motion to Dismiss should be granted and the Court should dismiss the CAC with prejudice.

Dated:  April 12, 2023 **ROPES & GRAY LLP**

*/s/ Amy D. Roy*

Amy D. Roy (*admitted pro hac vice*)
Robert A. Skinner *(admitted pro hac vice)*
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Tel.:  (617) 951-7000
Fax:  (617) 951-7050
*amy.roy@ropesgray.com*
*robert.skinner@ropesgray.com*

*Attorneys for Defendants United States Oil Fund, LP, United States Commodity Funds LLC, John P. Love, Stuart P. Crumbaugh, Nicholas D. Gerber, Andrew F Ngim, Robert L. Nguyen, Peter M. Robinson, Gordon L. Ellis, and Malcolm R. Fobes III*

---

*Fund, LP*, SEC Release No. 11006, 2021 WL 5205955 (Nov. 8, 2021) ("SEC Order").  Without addressing the USO Defendants' December 6, 2021 Response to Plaintiff's Notice of Supplemental Authority, ECF No. 159, and all the arguments as to why the SEC Order has no bearing on the allegations in the CAC, the Response once again invokes the SEC Order in an attempt to connect the allegations therein to Plaintiff's claims here.  But the CAC focuses on allegedly misleading statements or omissions in USO's *February* and *March 2020* registration statements not the disclosures at issue in the SEC Order.  The SEC Order makes clear that the SEC was addressing entirely separate disclosures from *April 24 through May 21, 2020*.  SEC Order at 5–8.  Plaintiff cannot plead scienter as required by Sections 10(b) and 20(a) of the Securities Exchange Act by bootstrapping purported facts included only in its November 2021 Notice regarding the FCM limitation.