**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: UNITED STATES OIL FUND, LP SECURITIES LITIGATION | Case No. 1:20-cv-04740 (PGG) |
| This Document Relates To:<br><br>    ALL ACTIONS |  |

**DEFENDANT ALPS DISTRIBUTORS, INC.'S JOINDER IN THE**
**USO DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S**
**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant ALPS Distributors, Inc. ("ALPS") hereby respectfully joins in the USO Defendants'[1] Memorandum in Opposition to Lead Plaintiff's Motion for Leave to File a Second Consolidated Amended Complaint (the "USO Opposition") with respect to the sole claim asserted against ALPS Distributors, Inc., under Section 11 of the Securities Act of 1933, discussed in the Memorandum of Law at Parts I and III, and respectfully requests that the Court deny Lead Plaintiff's Motion for Leave to Amend.

The proposed claims against ALPS for purported violations of Items 303 and 105 of Regulation S-K, Dkt. 183-1 ¶¶ 197–205, must be dismissed for the additional reason that Plaintiff makes no attempt to plead ALPS's "actual knowledge" of an undisclosed trend, uncertainty, or risk. To plead a claim for a violation of Item 303, plaintiff must "plead, with some specificity, facts establishing that the defendant had *actual knowledge* of the purported trend" that was likely to have a material impact on the registrant's finances or operations. *Blackmoss Invs. Inc.* v. *ACA Cap. Holdings, Inc.*, 2010 WL 148617, at *9 (S.D.N.Y. Jan. 14, 2010) (emphasis added); *Ind. Pub.*

---

[1]    United States Oil Fund, LP, United States Commodity Funds LLC, John P. Love, Stuart P. Crumbraugh, Nicholas D. Gerber, Andrew F. Ngrim, Robert L. Nguyen, Peter M. Robinson, Gordon L. Ellis, and Malcolm R. Fobes III are collectively referred to as the "USO Defendants."

*Ret. Sys.* v. *SAIC, Inc.*, 818 F.3d 85, 95 (2d Cir. 2016) ("It is not enough that [defendant] should have known of the existing trend, event, or uncertainty."). Similarly, to state an Item 105 claim, plaintiff "must plausibly allege that [defendant] *actually knew about*, but did not disclose," significant factors that made the investment speculative or risky. *Wandel* v. *Gao*, 590 F. Supp. 3d 630, 646 (S.D.N.Y. 2022) (emphasis added); *In re HEXO Corp. Sec. Litig.*, 524 F. Supp. 3d 283, 302 (S.D.N.Y. 2021) ("Plaintiffs must demonstrate actual knowledge of an existing trend, event, or risk to allege violations of Section 303 and 105.") (internal quotation marks and citation omitted). Here, the proposed Second Consolidated Amended Complaint includes no allegations—not even conclusory allegations, much less specific facts—purporting to demonstrate ALPS's "actual knowledge" of any supposedly undisclosed trend, event, or risk. *See* Dkt. 183-1 ¶ 202. Thus, the proposed claims for violations of Item 303 and 105 asserted against ALPS fail as a matter of law, and Plaintiff's proposed amendment to add these claims is futile.[2]

Dated:  New York, New York
        December 19, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Susanna M. Buergel*
        Susanna M. Buergel

Susanna M. Buergel
David P. Friedman
Daniel S. Sinnreich
1285 Avenue of the Americas
New York, NY 10019
Tel.:  (212) 373-3000
Fax:  (212) 492-0553

---

[2]    For the avoidance of doubt, although it has elected to not oppose Plaintiff's motion for leave to amend on this basis in light of the dispositive arguments set forth in the USO Opposition, ALPS disputes and denies the allegations (Dkt. 183-1 ¶¶ 39–40) that it is an "underwriter" eligible for liability under Section 11 (15 U.S.C. § 77k(a)(5); 15 U.S.C. § 77b(a)(11)) with respect to the security at issue in this action or Plaintiff's alleged purchases of the same.

sbuergel@paulweiss.com
dfriedman@paulweiss.com
dsinnreich@paulweiss.com

*Counsel for Defendant ALPS Distributors, Inc.*